UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHESSEE DIVISION

CASE NO.

EDITH COULTER, individually and
as assignee of VICTOR LEE HUSZAGH,

    *Plaintiff*,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    *Defendant*.
_____/

## COMPLAINT

Edith Coulter, individually and as assignee of Victor Lee Huszagh, sues State Farm Mutual Automobile Insurance Company, as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action seeking damages resulting from State Farm's bad faith handling of a claim made by Edith Coulter against State Farm's insured, Victor Lee Huszagh.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees, interest and costs.

3. Venue is proper in this judicial district as the acts giving rise to this action occurred in Leon County, Florida. State Farm's delivery of the insurance policy at issue, as well as the subject automobile accident and underlying lawsuit occurred in Leon County, Florida.

## THE PARTIES

4. At all material times, Edith Coulter and Victor Lee Huszagh were residents of Leon County, Florida and are *sui juris*.

5. At all material times, State Farm was a foreign corporation, incorporated in the State of Illinois, with its principal place of business in Illinois. At all material times, State Farm was licensed to conduct business in Florida and actively conducted the business of issuing automobile insurance policies in Florida.

## GENERAL ALLEGATIONS

6. The Policy: State Farm issued and delivered to Victor Lee Huszagh an automobile insurance policy, policy number 5302-513-59E (the "Policy").

7. The Policy constitutes an enforceable contract under Florida law, and Mr. Huszagh paid the full premium on the Policy and satisfied all other conditions to maintain the Policy in full force and effect at all relevant times.

8. Under the terms of the Policy and the obligations placed on it by Florida law, State Farm was required to defend and indemnify all covered claims against Mr. Huszagh within the limits of the Policy, and to settle all such claims where it could and should have done so.

9. State Farm's coverage under the Policy provided for automobile insurance, including bodily injury liability benefits, with policy limits of $50,000 per person and $100,000 per accident.

10. The Accident: On March 20, 2009, Ms. Coulter was riding her Honda motorcycle when she was violently struck by a vehicle owned and negligently operated by Mr. Huszagh (the "Accident").

11. Ms. Coulter sustained severe and permanent bodily injuries and other damages as a result of the Accident.

12. Upon information and belief, the Tallahassee Police Department called a homicide unit to the scene due to the severity of Ms. Coulter's injuries. Ms. Coulter was transported by ambulance to Tallahassee Memorial Hospital.

13. State Farm was promptly notified of the Accident and Ms. Coulter's claim, which was assigned claim number 59-A208-212.

14. The Policy was in full force and effect at the time of the Accident, and there are no coverage defenses which have been or could be asserted by State Farm.

15. Mr. Huszagh represents that he promptly reported the claim to State Farm, cooperated with State Farm, complied with all conditions under the Policy, and did nothing to interfere with State Farm's investigation of Ms. Coulter's claims against him arising out of the Accident.

16. State Farm did not settle Ms. Coulter's claim against Mr. Huszagh within the Policy's limits prior to the Underlying Lawsuit, despite being given the opportunity to do so.

17. <u>The Underlying Lawsuit:</u> On or about September 14, 2009, as a direct result of State Farm's failure to promptly resolve Ms. Coulter's claim against its insured, Ms. Coulter filed suit against Mr. Huszagh in the Second Judicial Circuit in and for Leon County, Florida, Case No. 2009-CA-003573, for damages arising out of the Accident (the "Underlying Lawsuit").

18. Ms. Coulter alleged that Mr. Huszagh negligently operated his motor vehicle such that it collided with Ms. Coulter's motorcycle, violating her right of way, and causing her serious and severe injuries.

19. By failing to settle Ms. Coulter's claim against Mr. Huszagh prior to the filing of the Underlying Lawsuit, State Farm put its insured at risk of a judgment in excess of his policy limits.

20. <u>The Settlement and Assignment Agreement:</u> After litigating the Underlying Lawsuit for nearly three years, Ms. Coulter entered into a Settlement and Assignment Agreement with Mr. Huszagh.

21. As part of the Settlement and Assignment Agreement, Mr. Huszagh assigned to Ms. Coulter his right, title, and interest in any cause of action he may have against State Farm arising from State Farm's failure to settle Ms. Coulter's claim when it could and should have done so, had it acted fairly and honestly toward Mr. Huszagh and with due regard for his interests.

22. Ms. Coulter has a right of action against State Farm, as assignee of Mr. Huszagh's rights against State Farm.

23. Ms. Coulter has engaged the undersigned counsel to represent her in this action, and has agreed to pay a reasonable fee for services rendered.

24. All conditions precedent to bringing this action have been performed, waived, or have otherwise occurred.

## COUNT I – COMMON LAW BAD FAITH

25. Plaintiff realleges the facts set out in Paragraphs 1 through 25 as if fully set forth herein.

26. State Farm had a duty to use the same degree of care and diligence in the investigation and resolution of Ms. Coulter's claim against Mr. Huszagh as a person of ordinary care and prudence should exercise in the management of his or her business.

27. State Farm owed a duty to Mr. Huszagh to make all decisions regarding the handling and settlement of Ms. Coulter's claim in good faith and with due regard to Mr. Huszagh's interests.

28. State Farm owed a duty to Mr. Huszagh to initiate settlement negotiations regarding Ms. Coulter's claim where liability was clear and injuries so serious that a judgment in excess of the policy limits was likely.

29. State Farm owed a duty to Mr. Huszagh to place Mr. Huszagh's interest above its own and to protect Mr. Huszagh against individual liability arising from Ms. Coulter's claim.

30. State Farm breached the Policy and the above-detailed duties to Mr. Huszagh by failing to settle with Ms. Coulter within the Policy limits when it could and should have done so, having been given the opportunity to do so.

31. As a direct and proximate result of State Farm's breach of its duties under the Policy as described above, Ms. Coulter has suffered and continues to suffer damages.

WHEREFORE, Edith Coulter, individually and as assignee of Victor Lee Huszagh demands judgment against State Farm Mutual Automobile Insurance Company, for damages including the cost of the judgment in the Underlying Lawsuit for Two Million Dollars ($2,000,000.00); pre- and post-judgment interest thereon; attorney's fees and costs incurred in this action pursuant to Fla. Stat. §627.428, and any further relief this Court deems equitable, just, and proper.

### **TRIAL BY JURY**

Plaintiff hereby request trial by jury of all issues so triable.

Dated:  October 31, 2012

Respectfully submitted,

VER PLOEG & LUMPKIN, P.A.
100 SE 2nd Street, 30th Floor
Miami, FL 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3998


/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
smarino@vpl-law.com
Florida Bar No. 0079170
**Rochelle N. Willis**
rwillis@vpl-law.com
Florida Bar No. 74200
*Counsel for Plaintiff*